**In the Matter of Dean BUCHANAN,**
**a delinquent child.**

No. 16964.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 25, 1968.

Rehearing Denied Nov. 22, 1968.

Jake C. Cook, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., and Clayton E. Evans, Asst. Dist. Atty., Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

On March 11, 1968, the State filed a petition in the Juvenile Court in which it alleged that Dean Buchanan was a delinquent child by reason of his having unlawfully and with malice killed Austin R. Greer.

Prior to the date set for hearing on the petition the State filed a motion requesting the Juvenile Court to waive its jurisdiction and transfer the case to the Criminal District Court.

The Court appointed a competent, conscientious and able attorney to represent the accused.

The Court, after full hearing, entered an order waiving jurisdiction and transferring the case to the appropriate Criminal District Court of Tarrant County.

The appeal is from said order.

Included in the findings of the Juvenile Court and set out in the order were the following: "* * * after hearing the evidence with respect to the alleged offense committed by the said Dean Buchanan, to-wit, Murder, and after hearing evidence with respect to the results of a complete diagnostic study of the said Dean Buchanan, social evaluation and study of the said Dean Buchanan and his circumstances, and after hearing argument of counsel, and after being fully advised herein, the Court finds that the said Dean Buchanan is a male child of sixteen years of age, having been born on the 31st day of October, 1951; that he stands charged with the offense of Murder, which said offense would be a felony if committed by an adult, and which allegedly was committed on the 9th day of March, 1968, in the County of Tarrant, State of Texas; that Jake Cook, an attorney of good standing of Fort Worth, Texas, was appointed by this Court at least ten days prior to the date of this hearing; that the father of the said Dean Buchanan, to-wit, Larry Buchanan, had notice of this hearing but did not appear; that the said Dean Buchanan is of sufficient sophistication and maturity to have intelligently, knowingly and voluntarily waived all constitutional and statutory rights heretofore waived by the said Dean Buchanan, and to have aided in the preparation of his defense; that the offense alleged to have been committed by the said Dean Buchanan, to-wit, Murder, is against the person of another and was committed in an aggressive and premeditated manner; that evidence was presented concerning the alleged of-

fense upon which a grand jury may be expected to return an indictment; that the record and previous history of the said Dean Buchanan reveal that he has a history and background of repeated law violations; that the evidence and reports heretofore presented to the Court demonstrate to the Court that there is little, if any, prospect of adequate protection of the public and likelihood of reasonable rehabilitation of the said Dean Buchanan by use of procedures, services and facilities currently available to the Juvenile Court; and that because of the seriousness of the offense alleged and the background of the said Dean Buchanan, the welfare of the community requires that the Juvenile Court waive jurisdiction over the said Dean Buchanan and transfer the said Dean Buchanan to the appropriate Criminal District Court of Tarrant County, Texas, * * *."

■ In his first six points of error appellant attacks the fact findings of the Juvenile Court as being unsupported by the evidence.

We have carefully examined the statement of facts and find that the evidence supports all the material fact findings made by the Juvenile Court with the exception that the statement of facts does not reveal the evidence concerning appellant's background. It does show that the judge had before him and considered a report on appellant's social history. Appellant's attorney had an opportunity to, and apparently did, read the report. No objection was made to the consideration of the report. The judge stated in open court that appellant had been handled in Juvenile Court since 1964. Appellant did not in the hearing, and does not in this Court, deny the truth thereof.

The first six points of error are overruled.

In his seventh point appellant contends, in substance, that the Juvenile Court, having acquired jurisdiction by the filing of the delinquency petition, had no authority to transfer the case to a district court.

Section 5, subsection (a), Art. 2338–1, Vernon's Ann.Tex.St., provides that the juvenile court has exclusive original jurisdiction in proceedings governing any delinquent child. It is expressly provided, however, that in those cases specified in Section 6 of the Act the juvenile court may waive jurisdiction to the appropriate district or criminal district court.

Section 6, in so far as applicable to this appeal, provides in subsection (g) after full investigation and hearing the juvenile court shall retain jurisdiction of the case unless it determines that, because of the seriousness of the offense or the background of the offender, the welfare of the community requires criminal proceedings. The following subsection (h) sets out six matters which the court shall consider in making the determination under subsection (g).

■ The evidence introduced at the hearing shows without dispute that appellant shot and killed a man without provocation or cause. The seriousness of the offense of murder is sufficient to justify the Juvenile Court in determining that the welfare of the community requires criminal proceedings as provided in subsection (g).

The statement of facts reveals that the Juvenile Court considered the matters required by subsection (h).

The guidelines set out in In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, were scrupulously followed. Immediately after his apprehension appellant was taken before a magistrate who fully explained to him in detail his legal rights, including his right to counsel and his right to remain silent. Any admissions he may have made prior to representation by attorney were made freely, with full knowledge of his rights. An able attorney was appointed to represent him ten days before the hearing in Juvenile Court was scheduled.

Contrary to appellant's argument that the above cited statutes concerning waiver and transfer are vague and contradictory, we find them to be clear and explicit, and that the Juvenile Judge followed the statute in making his determination to transfer to a Criminal District Court.

Affirmed.