**In the Matter of K.A.H.**

No. 2–85–102–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1985.

Leon Haley, Alley & Alley, and T. Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Brent A. Carr, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and ASHWORTH and HILL, JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal from the certification as an adult of a sixteen-year-old male charged with committing five felonies and the transfer of the cause to the district court for criminal proceedings.

We affirm.

K.A.H. is alleged to have committed five counts of aggravated robbery in three separate transactions in November of 1984. He was referred to the Juvenile Court of Tarrant County. The State petitioned the trial court to waive its jurisdiction and transfer the cause to district court so K.A.H. could be tried as an adult. Before a hearing on the State's motion, the trial court ordered a prediagnostic study.

The study included separate psychiatric and psychological evaluations of appellant. It reflected that: (1) appellant had previously been psychologically examined on one other occasion within the previous seven months as a result of prior proceedings brought against him; (2) appellant had been declared a juvenile delinquent in 1979 and placed on probation for one year for burglary; (3) appellant had been committed to the Fort Worth State School in 1980 and was subsequently referred there twice in 1981 and once in 1983; (4) appellant had been declared a juvenile delinquent in 1984 and committed to the Texas Youth Commission for auto theft and possession of stolen credit cards; and (5) the psychologist who examined him found appellant to be competent to stand trial as an adult but the psychiatrist expressed the belief that appellant should not be certified into adult court.

At the certification hearing the trial court considered the study and heard testimony from three police officers and the psychiatrist who had conducted the psychiatric examination as part of the prediagnostic study. The trial court then waived its jurisdiction on the grounds that it would be contrary to the best interest of the public for the court to retain jurisdiction, and that due to the seriousness of the offenses charged and appellant's background, criminal proceedings were proper. Appellant has appealed on eleven points of error.

Appellant's first point of error alleges that the issue of his fitness to proceed was raised by the evidence and the trial court erred in failing to have a jury determine his fitness in a separate hearing as required by TEX.FAM.CODE ANN. sec. 55.04(c) (Vernon 1975). Appellant bases this claim on the above-mentioned psychiatrist's report, on the testimony of the psychiatrist at the transfer hearing, and on the following exchange between appellant's counsel and the trial judge which occurred prior to the hearing:

THE COURT: Are you ready to proceed, Mr. Garcia?

MR. GARCIA: Yes, your Honor. I would add that the juvenile, [K.A.H.], does not fully understand the extent of these proceedings in view of his mental retardation. I just want that to be into the record.

THE COURT: That's your opinion, I take it?

MR. GARCIA: That's correct, your Honor.

The test for fitness to proceed is established in TEX.FAM.CODE ANN. sec. 55.04 (Vernon 1975), which provides in pertinent part:

(a) No child who as a result of mental disease or defect lacks capacity to understand the proceedings in juvenile court or to assist in his own defense shall be subjected to discretionary transfer to criminal court, adjudication, disposition, or modification of disposition as long as such incapacity endures.

(b) If it appears to the juvenile court, on suggestion of a party or on the court's own notice, that a child alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision may be unfit to proceed, the court shall order appropriate medical and psychiatric inquiry to assist in determining whether the child is unfit to proceed because of mental disease or defect.

(c) The court or jury shall determine from the psychiatric and other evidence at a hearing separate from, but conducted in accordance with the requirements for, the adjudication hearing whether the child is fit or unfit to proceed.

We have examined the record and the statement of facts and have failed to find any motion, either oral or written, by either party requesting a hearing on the issue of appellant's fitness to proceed. *See R.K.A. v. State,* 553 S.W.2d 781, 782 (Tex.Civ.App. —Fort Worth 1977, no writ). Thus the question presented is whether there was enough evidence concerning appellant's lack of "capacity to understand the proceedings ... or to assist in his own defense" that would require the judge to conduct a hearing on his own motion.

■ Other than the prehearing assertion by Mr. Garcia, the trial judge was presented with absolutely no evidence which would cause him to believe that a separate fitness hearing was necessary, especially without a request. Both the psychologist and the psychiatrist stated in the prediagnostic report that appellant was capable of assisting in his own defense. No abuse of discretion on the part of the trial court in the respect complained of is shown and appellant's first point of error is overruled.

In points of error two, three, four, and five appellant raises four no evidence points, each contending that "there is no evidence to show that a grand jury would return an indictment for the aggravated robbery of [Victim]." In points of error eight, nine, ten, and eleven appellant contends that "there is insufficient evidence to show that appellant committed an aggravated robbery of [Victim]."

■ TEX.FAM.CODE ANN. sec. 54.02(a) (Vernon 1975) describes the discretionary transfer proceeding:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

Obviously, the argument raised by appellant in his points eight through eleven is of no concern in a discretionary transfer proceeding. There is no burden on the State to establish the guilt of the juvenile, so the State did not have to show that appellant committed aggravated robbery. *See A.D.P. v. State,* 646 S.W.2d 568, 569 (Tex. Civ.App.—Houston [1st Dist.] 1982, no writ); *J.D.P. v. State,* 609 S.W.2d 868, 870 (Tex.Civ.App.—Texarkana 1980, no writ). We overrule points of error eight, nine, ten, and eleven.

■ We turn now to points of error two through five which allege there is no evidence to show that a grand jury would return an indictment for aggravated robbery. We note that the State's petition alleged that appellant had committed five counts of aggravated robbery. Since appellant contends only that there is no evi-

dence to support the return of an indictment on four counts, he logically concedes that there was evidence, and sufficient evidence, to show that a grand jury would return an indictment on the fifth count. The probability that the grand jury would return an indictment for any *one* offense is sufficient for purposes of TEX.FAM.CODE ANN. sec. 54.02(f)(3) (Vernon 1975). *Thompson v. State*, 552 S.W.2d 618, 620 (Tex.Civ.App.—Austin 1977, no writ); *see also, L.M. v. State*, 618 S.W.2d 808, 813 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ).

In making the determination required by sec. 54.02(a)(3), the court is to consider the six enumerated factors set forth in sec. 54.02(f). Those are listed:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

It is well settled that the juvenile court does not have to find that all of the six factors listed in 54.02(f) have been established before it is authorized to waive its jurisdiction. *In the Matter of R.M., a Juvenile*, 648 S.W.2d 406, 408 (Tex.Civ.App.—San Antonio 1983, no writ); *P.G. v. State*, 616 S.W.2d 635, 639 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). We overrule appellant's points of error two, three, four, and five.

Appellant claims in his sixth point of error that the trial court abused its discretion in waiving jurisdiction and transferring appellant to the criminal court. The point is overruled for the reasons previously stated.

In his final point of error, appellant contends that the trial court erred in overruling his motion for new trial. According to appellant, a new trial is mandated because the State "falsely used or presented evidence." Specifically, appellant claims that the new trial hearing established that the prosecutor knew that the State's witnesses could not testify in support of the State's allegations. We have reviewed the evidence presented at the new trial hearing, and we do not agree with appellant's interpretation of the prosecutor's testimony. Accordingly, we overrule appellant's final point of error.

The judgment is in all things affirmed.