**In the Matter of C.C.G.**

**No. 12–89–00015–CV.**

Court of Appeals of Texas, Tyler.

Jan. 31, 1991.

Rehearing Overruled April 4, 1991.

---

John Tunnell, Clifton Holmes, Longview, for appellant.

William Saban, Henderson, for appellee.

RAMEY, Chief Judge.

Appellant, C.C.G., a sixteen-year-old juvenile, appeals from a county court's[1] order certifying him as an adult, waiving jurisdiction and transferring the cause to district court for criminal proceedings. We affirm.

On September 1, 1988, appellant was charged with the offense of murder in the shooting death of his step-father. TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1989). Appellant was ordered detained pursuant to two separate detention hearings. TEX. FAM.CODE ANN. § 54.01 (Vernon 1986). A third hearing was held on September 20, wherein appellant was released to the custody of his mother. On the previous day, the State had filed a petition requesting the juvenile court to waive jurisdiction and transfer the cause to the district court for criminal proceedings. TEX.FAM.CODE ANN. § 54.02 (Vernon Supp.1991). On that same date the juvenile court ordered a hearing on the petition to be held on September 23, 1988. This hearing was reset for October 4, and again for October 17. On October 20, 1988, the hearing on the State's petition for discretionary transfer was held. Appellant, appellant's counsel, and both of appellant's parents were present at the hearing. Upon due consideration of the pleadings,

testimony, and argument of counsel, the juvenile court granted the State's petition.

In his first two points of error, appellant contends that the juvenile court lacked jurisdiction to transfer the cause because appellant had failed to receive proper notice.[2] The State argues that since appellant failed to assign this issue as error in his motion for new trial, it is waived pursuant to TEX.R.CIV.P. 324(b). We disagree. A party need not complain about invalid service in a motion for new trial since it is not a complaint on which evidence must be heard within the meaning of Rule 324. *Bronze & Beautiful, Inc. v. Mahone,* 750 S.W.2d 28, 29 (Tex.App.—Texarkana 1988, no writ); *American Universal Ins. v. D.B. & B., Inc.,* 725 S.W.2d 764, 765 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *but compare K.M.P. v. State,* 701 S.W.2d 939, 941 (Tex.App.—Fort Worth 1986, no writ). We find that the issue as to whether the appellant failed to receive proper summons is jurisdictional and may be challenged for the first time on appeal.

In his brief to this Court, appellant concedes that a review of the clerk's file reveals evidence of "some issuance and service of summons." However, appellant argues that there is no evidence in the record which would show that a summons was issued or served for the date upon which the hearing was actually held. He maintains that a separate summons must be served for each setting of a hearing on a petition for discretionary transfer. This very issue has been considered and rejected by several of our sister courts. *Vasquez v. State,* 663 S.W.2d 16, 20 (Tex.App.—Houston [1st Dist.] 1983), *aff'd on other grounds,* 739 S.W.2d 37 (Tex.Cr.App.1987) (once the court obtains jurisdiction over the juvenile by proper service, the court's jurisdiction is not lost by ordering a continuance); *McBride v. State,* 655 S.W.2d 280, 283 (Tex.App.—Houston [14th Dist.] 1983, no writ) (when jurisdiction has attached,

---

**1.** The Rusk County Court at Law was sitting as a juvenile court. TEX.FAM.CODE ANN. § 51.04 (Vernon Supp.1990).

**2.** Appellant's second point of error states that he had not received proper notice pursuant to the

code. His first point of error asserts that there was no evidence or insufficient evidence to support the trial court's finding that all required summons and notice had been properly given.

the court does not lose jurisdiction because the State may have failed to follow statutory guidelines in serving appellant with an amended petition); *In the Matter of R.M.*, 648 S.W.2d 406, 407 (Tex.App.—San Antonio 1983, no writ) (once jurisdiction attaches, further summons is not required); *In the Matter of B.Y.*, 585 S.W.2d 349, 351 (Tex.App.—El Paso 1979, no writ) (validly acquired jurisdiction does not cease because the parties agree to a continuance).

■ TEX.FAM.CODE ANN. § 53.06(e) (Vernon 1986) provides that "[a] party, other than a child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." A juvenile, however, must be served with a summons, and absent an affirmative showing of service of summons in the record, the juvenile court is without jurisdiction to transfer the juvenile to district court. *Johnson v. State*, 594 S.W.2d 83, 85 (Tex.Cr.App.1980). Therefore, if the record affirmatively shows that appellant had indeed received a summons, jurisdiction would have then attached, and further summons would not be required after each hearing postponement.

The transcript and supplemental transcript before this Court contain no copies of the summons or return thereon. However, appellant filed no request with the clerk of the juvenile court specifying such matters to be included in the transcript on appeal. TEX.R.APP.P. 51(b). It is appellant's burden as the party alleging error to present a record sufficient to show the error alleged. *DeLeon v. State*, 728 S.W.2d 935, 937 (Tex.App.—Amarillo 1987, no writ); TEX.R.APP.P. 50(d). Since appellant failed to discharge that burden, nothing is preserved for review.

■ Moreover, a review of the record as a whole shows that, in addition to appellant's concession in his brief that there was evidence of "some issuance and service of summons," his counsel announced "present and ready" at the hearing on the petition. Appellant's counsel also affirmed his understanding that "the juvenile has been served with a copy of the Petition in this case and the setting of hearing for this date." Counsel also waived service upon himself. The trial court affirmatively noted that the court's file reflected that the juvenile and his mother were each "served" on October 13, 1988, and that they were both present at the hearing. There was no objection to this notation. Appellant's father was also present at the hearing and affirmatively stated that he, too, was served with a copy of the summons. Further, in response to a question by the juvenile court judge, appellant's attorney agreed that "at least ten days [had] expired since the original service of the summons of this proceeding upon the parties."

The record before this Court demonstrates that appellant was properly summoned. Appellant's first two points of error are overruled.

■ In appellant's third point of error, he contends that there is insufficient evidence to support the juvenile court's finding of probable cause that appellant committed the offense. We disagree.

A review of the record shows that witness Sam Kornegay testified that on the day of the offense appellant drove to Kornegay's store and confessed to having just shot the deceased. Mr. Kornegay testified that appellant showed him a gun, asserting that it was the murder weapon. According to Mr. Kornegay, appellant appeared nervous and excited, giving Mr. Kornegay the impression that the offense had just occurred. Mr. Kornegay testified that appellant described shooting the deceased approximately four times and that the deceased was bleeding from his mouth when appellant left the scene. Mr. Kornegay further testified that when he attempted to call an ambulance, appellant pushed the telephone out of his hand stating, "No. I want him to die."

Carl Brown, a patrol sergeant with the Rusk County Sheriff's Department, was dispatched to investigate the shooting. He testified that he arrived at the scene shortly after the offense occurred and the scene did not appear to have been disturbed. Sergeant Brown confirmed that the deceased had been shot four times and was bleeding from the nose and mouth area.

He also noted there were no visible signs of "violent activity" having occurred in the area immediately surrounding the deceased. Sergeant Brown's independent investigation sufficiently corroborates appellant's confession of the shooting. *See Hartford Accident and Indemnity Co. v. Hale,* 400 S.W.2d 310, 311 (Tex.1966).[3] We hold that there is sufficient evidence to justify a finding of probable cause that appellant committed the offense alleged. Appellant's third point of error is overruled.

■ In his next two points of error, appellant contends that there is insufficient evidence to support the juvenile court's findings that the welfare of the community required criminal proceedings because of the seriousness of the alleged offense and the background of the appellant.

We first note that the Family Code does not require the court to find that *both* the seriousness of the offense *and* the background of the child are such as to demand criminal proceedings. The statute is worded in the coordinating conjunctive. It provides that:

> [A]fter full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense *or* the background of the child the welfare of the community requires criminal proceedings. (Emphasis ours.)

Tex.Fam.Code Ann. § 54.02(a)(3) (Vernon Supp.1991). Appellant, however, cites *R.E.M. v. State,* 541 S.W.2d 841 (Tex.App.—San Antonio 1976, writ ref'd n.r.e.), for the proposition that a certification and transfer cannot be based on the seriousness of the offense alone, even murder. *Id.* at 846–47. The court in *R.E.M.* acknowledged that in *In re Buchanan,* 433 S.W.2d 787, 789 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.), it was held that the "seriousness of the offense of murder is sufficient to justify the Juvenile Court in determining that the welfare of the community requires criminal proceedings" as provided for in the Family Code. However, the court in *R.E.M.* distinguished *Buchanan* on the basis that while evidence was introduced in *Buchanan* which showed that the child shot and killed a man without provocation or cause, no admissible evidence to that effect was introduced at the hearing in *R.E.M..* Therefore, it was held that merely because the crime with which a child is *charged* is a "serious" crime, this alone is insufficient to justify transfer. *R.E.M.,* 541 S.W.2d at 847.

In the instant case, evidence was introduced to the effect that appellant had admitted to shooting his step-father four times leaving him in a pool of blood, weakly crying out for help, but when an attempt was made by Mr. Kornegay to telephone for medical assistance appellant physically prevented the call and stated, "No. I want him to die." There was ̦testimony that appellant had made previous threats against the life of his step-father. Furthermore, in contrast to appellant's statement that he shot in self-defense in an attempt to prevent his step-father from raping him, testimony was presented which described the scene surrounding the deceased as appearing to be undisturbed, with no sign of violent activity. Clearly, there is substantial evidence concerning the "seriousness" of the charge and appellant's guilt, as well as substantial evidence refuting appellant's claim of self-defense. Accordingly, we find that the present cause is distinguishable from *R.E.M.* in that the record shows much more than the mere "allegation" of a serious offense. Evidence was presented to substantiate the charge, thereby bringing the case within the realm described by *Buchanan.* Thus, a finding that the seriousness of the offense of murder, when substantiated by probative evidence, is sufficient for purposes of Tex.Fam.Code Ann. § 54.02(a)(3) (Vernon Supp.1991) in determining that the welfare of the community requires criminal proceedings. Therefore, assuming arguendo that there is insufficient evidence concerning the background

---

**3.** Corroboration of extrajudicial admissions are also required by criminal case law. *See Steele* *v. State,* 681 S.W.2d 129, 131 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd).

of appellant, the juvenile court's determination that the seriousness of the offense, as substantiated by the evidence, is alone sufficient. Appellant's fourth and fifth points of error are overruled.

■ In his remaining four points of error, appellant challenges the sufficiency of the evidence to support the juvenile court's decision. The Family Code provides that a juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning the offense; and

(3) after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

TEX.FAM.CODE ANN. § 54.02(a) (Vernon Supp.1991). It is undisputed that appellant is alleged to have violated a penal law of the grade of felony, i.e., murder. TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1989). This offense is classified as a felony of the first degree. TEX.PENAL CODE ANN. § 19.02(b) (Vernon 1989). Also undisputed is the fact that appellant was 15 years of age (having been born July 7, 1972) or older at the time he is alleged to have committed the offense; furthermore, no adjudication hearing had been conducted concerning the offense. In our discussion of appellant's third point of error, we determined that sufficient evidence exists to justify a finding that there is probable cause to believe appellant committed the offense alleged. In considering the welfare of the community, however, appellant argues that the juvenile court did not have sufficient evidence to justify its findings on certain enumerated factors.

The juvenile court, in making its determination, is required to consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

TEX.FAM.CODE ANN. § 54.02(f) (Vernon 1986).

■ While the juvenile court is required to *consider* all six factors of § 54.02(f) as cited above, it is not required to find each factor is established by the evidence. *In the Matter of M.D.B., Jr.,* 757 S.W.2d 415, 417 (Tex.App.—Houston [14th Dist.] 1988, no writ); *C.W. v. State,* 738 S.W.2d 72, 75 (Tex.App.—Dallas 1987, no writ); *A.T.S. v. State,* 694 S.W.2d 252, 254 (Tex.App.—Fort Worth 1985, writ dism'd w.o.j.); *P.G. v. State,* 616 S.W.2d 635, 639–40 (Tex.Civ. App.—San Antonio 1981, writ ref'd n.r.e.). Nor is the court required to give equal weight to the statutory factors, so long as each is considered. *United States v. Doe,* 871 F.2d 1248, 1254–55 (5th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 276, 107 L.Ed.2d 257 (1989).

The juvenile court's order waiving jurisdiction and transferring the cause to district court recited that in making its determination it had considered each of these factors. In his appeal, appellant challenges the factual sufficiency of only factors (2), (4), (5) and (6). He concedes that, in reference to factor (1), the offense is "clearly an

offense against a person" although he argues that the evidence establishes a "legal justification" pursuant to TEX.PENAL CODE ANN. § 9.32 (Vernon Supp.1991). With reference to factor (3), appellant concedes that the evidence "could support" a grand jury indictment. The probability that the grand jury would return an indictment for any one offense is sufficient for purposes of the Family Code. *In the Matter of K.A.H.*, 700 S.W.2d 782, 785 (Tex.App.—Fort Worth 1985, no writ). Assuming arguendo, that appellant is correct and there is insufficient evidence to support the remaining factors (2), (4), (5) and (6), the findings on factors (1) and (3) alone would be sufficient to support the certification decision, so long as the juvenile court considered the other factors. *In re Q.D.*, 600 S.W.2d 392, 395 (Tex.Civ.App.—Fort Worth 1980, no writ). This the trial court did, as indicated by the record and the order waiving jurisdiction. Appellant's points of error six, seven, eight and nine are overruled.

The judgment of the trial court is affirmed.