**In the Matter of K__.W__., a Child.**

No. 12–92–00236–CV.

Court of Appeals of Texas, Tyler.

Aug. 12, 1993.

Clifton L. Holmes, Longview, for appellant.

Beverly Mathews, Longview, for appellee.

BILL BASS, Justice.

This is an appeal from an order of the juvenile court waiving its exclusive jurisdiction over the juvenile and transferring the cause to the 188th District Court so that he might be prosecuted as an adult for the offenses of attempted capital murder and aggravated robbery. The juvenile was sixteen years of age when the offenses were committed. He was seventeen at the time of the discretionary transfer hearing. We will affirm the judgment.

In the sole point of error, it is contended that "the evidence indicated that Appellant lacked sufficient sophistication and maturity to be certified as an adult and it was error for the trial court to certify Appellant as an adult."

Dr. Willard Gold testified that Appellant had sufficient maturity and sophistication to stand trial as an adult. However, Dr. Gold acknowledged that Appellant's lack of concern about anything except when he would be released did not show an adult level of maturity and sophistication. Dr. Grover Loughmiller testified that the juvenile had a verbal I.Q. of 80, which Appellant character-

izes as borderline mentally retarded. Dr. Loughmiller also testified that Appellant's maturity was borderline, but that Appellant possessed social maturity and understanding. Appellant complains that although the Juvenile Court is required to consider the child's maturity and sophistication in determining whether to waive its original exclusive jurisdiction, the Juvenile Court's order did not mention the juvenile's maturity and sophistication as one of the reasons for the transfer of the cause to the District Court. Appellant argues that the law should be interpreted to require a finding that the child had sufficient maturity and sophistication to be tried as an adult.

Neither the case law nor the FAMILY CODE require such a finding. TEX.FAM.CODE ANN. 54.02 (Vernon 1990). Section 54.02(a) prescribes what the juvenile court must find before ordering the juvenile transferred to the appropriate district to be tried as an adult. *Such a transfer may be ordered if:*

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

The Juvenile Court's order made the three required findings. Appellant does not challenge the sufficiency of the evidence to support these findings.

The juvenile court, in determining whether to transfer a juvenile to district court for criminal proceedings, is required to consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

TEX.FAM.CODE ANN. § 54.02(f) (Vernon 1990).

Although the juvenile court is required to consider all six factors, it is not required to make an evidentiary finding regarding each one. *Matter of C.C.G.,* 805 S.W.2d 10, 15 (Tex.App.—Tyler 1991, writ denied). The Juvenile Court's order recited that it had considered all six factors. The order stated specifically the court's reasons for waiving jurisdiction and transferring the cause. TEX.FAM.CODE ANN. § 54.02(h) (Vernon Supp.1993). A specific finding that the juvenile has sufficient maturity and sophistication to stand trial as an adult is not required. However, if such a finding were required, there is sufficient evidence in this record to support such a finding. The Juvenile Court did not err. The point is overruled.

The judgment of the trial court is **affirmed.**