NUMBER 13-03-430-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

DOMINIC
MCKAINE,                                                                       Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 24th District Court of De Witt County,
Texas.

 

OPINION ON REHEARING

 

        Before
Chief Justice Valdez and Justices Rodriguez and Garza

                                         Opinion
by Justice Garza








By two issues, Dominic McKaine challenges his
conviction and sentence for burglary of a habitation and committing aggravated
assault therein.[1]
The Court=s original opinion in this case reversed the trial
court=s judgment and remanded the case to the trial court
for a new punishment hearing.  McKaine
v. State, No. 13-03-00430-CR, 2004 Tex. App. LEXIS 3777 (Corpus Christi,
April 29, 2004, no pet. h.).  We now
grant the State=s motion for rehearing, withdraw our previous
opinion, and issue this opinion, affirming the judgment of the trial
court.   

Background








The conviction from which McKaine appeals stems from
the following events.  On November 12,
2002, McKaine and three other people used force to unlawfully enter the
residence of Charles and Amy in Cuero, Texas.[2]   McKaine entered the home carrying a twenty‑gauge
shotgun.  His cohorts were armed with
handguns.  With their weapons drawn, the
group forced Charles down onto the kitchen floor, threatening to kill him if he
resisted.  McKaine then pointed his
shotgun at Charles=s wife, Amy, and told her to take off her
shirt.  With her husband and three small
children watching, Amy removed her shirt for McKaine, exposing her
breasts.  McKaine=s companions then took Charles into the couple=s bedroom, and McKaine took Amy and two of her
children into a second bedroom.  Once
inside, he began to touch Amy, fondling her breasts and repeatedly telling her
that he wanted to have sex and that he was going to have sex with her on her
child=s bed in front of her children.  He threatened to kill her, her husband, and
her children if she told anyone.  McKaine
then took Amy into the living room and in front of all three of her children,
ordered her to pull down her pants.  She
refused.  McKaine repeated his demand,
and again, she refused, saying that she was Aon her
period.@  McKaine put
his shotgun against the head of Amy=s three year old son and said, APull down your pants and spread your legs, or I'm
going to kill your son.@  She
complied, but McKaine did not have sex with her.  He and his companions left, taking a knife,
cigarettes, and money belonging to the family. 
Before leaving, McKaine repeated his threat that he would kill all of
them if they told anyone what happened.

At the time of the incident, McKaine was sixteen
years old.  He was originally charged as
a juvenile, but the State petitioned the juvenile court to transfer the case to
district court so that he could be prosecuted as an adult.  After a hearing, the juvenile court certified
McKaine as an adult and transferred the case. 
Before the district court, McKaine pleaded guilty to burglary of a
habitation and committing aggravated assault therein, a first‑degree
felony.[3]  He requested that a jury determine his
punishment. The jury sentenced him to seventy‑five years= imprisonment.

McKaine raises two issues on appeal.  First, he challenges the juvenile court=s decision to transfer his case to district court
for trial as an adult.  Second, he argues
that the trial court abused its discretion during the punishment phase of the
trial by not allowing his attorney to question Amy and Charles regarding their
involvement in drug activities. 

I.  Transfer
to District Court

In his first issue, McKaine claims that the juvenile
court erred in transferring his case to district court.[4]  He complains that the court erred by
considering a psychological report because it amounted to inadmissible hearsay.
McKaine also contends that the author of the report should have been present at
the transfer hearing to explain her evaluation and the basis for her findings.
Finally, he maintains that the juvenile court had insufficient evidence to
transfer his case to district court for trial as an adult. 













The juvenile court has exclusive, original
jurisdiction over children seventeen years of age and younger.  Ex parte Waggoner, 61 S.W.3d 429, 431
(Tex. Crim. App. 2001); see Tex.
Fam. Code Ann. '' 51.04(a), 51.02(2) (Vernon 2002) (discussing the
jurisdiction of juvenile courts and defining Achild@).  Texas
Family Code Section 54.02(a) provides that the juvenile court may waive its
exclusive, original jurisdiction and transfer a child to the appropriate
district court for criminal proceedings if the child is alleged to have
committed a first‑degree felony and was aged fourteen or older at the
time of the alleged offense.  Tex. Fam. Code Ann. ' 54.02(a) (Vernon 2002).  A juvenile court=s discretionary power to transfer a juvenile can be
exercised only after the State files a petition or motion requesting waiver and
transfer.  Hidalgo v. State, 983
S.W.2d 746, 749 n.3 (Tex. Crim. App. 1999); see Tex. Fam. Code Ann. '' 53.04, 54.02(b) (Vernon 2002).  When the State requests a transfer, the
juvenile court is required to conduct a hearing without a jury to consider
transfer of the child for criminal proceedings. 
Tex. Fam. Code Ann. ' 54.02(c). 
Before the transfer hearing, the court must order and obtain a complete
diagnostic study, social evaluation, and full investigation of the child, his
circumstances, and the circumstances of the alleged offense.  Id. '
54.02(d); In re J.S.C., 875 S.W.2d 325, 326 (Tex. App.CCorpus Christi 1994, writ dism=d by agr.). 
Based on this information, the court must determine whether there is
probable cause to believe that the child committed the offense alleged and
whether the welfare of the community requires criminal proceedings because of
the seriousness of the offense or the background of the child.  See Tex.
Fam. Code Ann. ' 54.02(a); In re J.S.C., 875 S.W.2d at
326.  The juvenile court=s decision to transfer a case to district court is
reviewed for abuse of discretion.  Faisst
v. State, 105 S.W.3d 8, 12 (Tex. App.CTyler 2003, no pet.); see In re J.S.C., 875
S.W.2d at 326.

We first consider McKaine=s argument that the trial court erred by considering
a psychological report because it was inadmissible hearsay.  Strict rules of evidence are not applied in
transfer proceedings.  In re J.S.C.,
875 S.W.2d at 330; see also In re J.P.O., 904 S.W.2d 695, 699 (Tex. App.CCorpus Christi 1995, writ denied).  Section 54.02(e) authorizes the juvenile
court to Aconsider written reports from probation officers,
professional court employees, or professional consultants in addition to the
testimony of witnesses.@  Tex. Fam. Code Ann. ' 54.02(e).  In
previous case involving the use of a pyschiatric evaluation in a transfer
hearing, this Court overruled an alleged hearsay error, noting that juvenile
courts are authorized to consider such evidence.  See In re J.S.C., 875 S.W.2d at 330
(holding that there was Ano error in . . . the use of records even though
[they] . . . may not be admissible as evidence at an adjudication hearing@).[5]  We reach the same conclusion in this
case.  The juvenile court did not err in
admitting the psychological report into evidence.








McKaine also argues that Dr. Karan Redus, who
conducted his psychological evaluation and authored the report, should have
testified at the transfer hearing.  He
contends that the juvenile court=s duty to conduct a Afull
investigation and hearing@ is not complete without live testimony from the
author of any reports relied upon under section 54.02(e).  Tex.
Fam. Code Ann. ' 54.02(c), (e). 
The State has not responded to this argument.  Nevertheless, we cannot conclude that the
juvenile court abused its discretion. 
The family code does not specifically require that the juvenile court
hear live testimony from a professional consultant whose written report is
considered under section 54.02(e).  Id.
' 54.02(e).  It
allows the court to consider Awritten reports from . . . professional consultants
in addition to the testimony of witnesses.@  Id.  Although McKaine makes compelling arguments
regarding the court=s duty to be fully informed of the juvenile=s circumstances, he has cited no cases holding that
the court must receive live testimony in addition to the written reports.  Our research has unearthed no such
authority.  Thus, we cannot conclude that
the trial court abused its discretion. 
In so holding, we note that although McKaine=s trial counsel complained of Dr. Redus=s absence at the hearing, the record does not show
that he ever attempted to subpoena her or otherwise solicit her testimony.  The record shows that McKaine=s trial counsel received proper notice of Dr. Redus=s report under section 54.02(e).  Id.








Finally, McKaine argues that the juvenile court
erred in transferring his case to district court because the evidence was
insufficient to support a transfer. 
McKaine has not specified whether his challenge is to the legal or
factual sufficiency of the evidence or to both. 
See In re J.P.O., 904 S.W.2d at 699‑700 (AThe juvenile court=s
findings of fact are reviewed by the same standards that are applied in
reviewing the legal or factual sufficiency of the evidence supporting a jury=s answers to a charge.@).  He also has not cited authorities for his
contention that the evidence is insufficient. 
See Tex. R. App. P.
38.1(h) (AThe brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the
record.@).  McKaine
argues that the  evidence adduced at the
transfer hearing was insufficient to support a transfer because it showed that
(1) he had never been adjudicated of a felony as a juvenile, (2) he suffered
from drug addiction and had not received treatment, and (3) the Texas Youth
Commission offered services that could assist in rehabilitating him.  The State has not responded to McKaine=s sufficiency arguments.  Assuming without deciding that McKaine has
properly presented this issue for review, we hold that it does not warrant
reversal because his arguments do not address all of the grounds for the
juvenile court=s decision. 
Specifically, McKaine has not addressed the court=s finding that the seriousness of the offense
necessitated criminal proceedings to protect the welfare of the community.








As noted above, the juvenile court has discretion to
waive its jurisdiction and transfer a case to criminal court if it finds that
there is probable cause to believe that the child committed the offense alleged
and that the welfare of the community requires criminal proceedings because of
the seriousness of the offense or the background of the child.  See Tex.
Fam. Code Ann. ' 54.02(a); In re J.S.C., 875 S.W.2d at
326.  In making this determination, the
court is required to consider (1) whether the alleged offense was against a
person or property, with greater weight in favor of transfer given to offenses
against the person; (2) the sophistication and maturity of the child; (3) the
record and previous history of the child; and (4) the prospects of adequate
protection of the public and the likelihood of the rehabilitation of the child
by use of procedures, services, and facilities available to the juvenile
court.  Tex.
Fam. Code Ann. ' 54.02(f). 
While the juvenile court must consider all of these factors before
transferring the case to district court, it is not required to find that each
factor is established by the evidence.  In
re D.D., 938 S.W.2d 172, 176 (Tex. App.CFort
Worth 1996, no writ); In re J.S.C., 875 S.W.2d at 329; In re M.D.B.,
757 S.W.2d 415, 417 (Tex. App.CHouston [14th Dist.] 1988, no writ).  The court is also not required to give each
factor equal weight as long as each is considered.  In re J.J., 916 S.W.2d 532, 535 (Tex.
App.CDallas 1995, no writ); In re C.C.G., 805
S.W.2d 10, 15 (Tex. App.CTyler 1991, writ denied).

In its order, the juvenile court discussed each of
the foregoing factors and how they influenced its decision. The court also
noted that Aafter conducting . . . [a] full investigation,
including evidence and argument of counsel, the Court finds that the welfare of
the community requires criminal proceedings, because of the seriousness of the
offenses and the background of the child and . . . [because] there is probable
cause to believe the child committed the offenses . . . .@  On appeal,
McKaine argues that his background did not require criminal proceedings for the
protection of the community=s welfare, but he does not challenge the court=s finding that the seriousness of the offense
warranted criminal proceedings.  A court
does not abuse its discretion by finding the community=s welfare requires transfer due to the seriousness
of the crime alone, regardless of the child=s
background.  See In re D.D., 938
S.W.2d at 177; In re C.C.G., 805 S.W.2d at 15.  Thus, even if we were to sustain McKaine=s challenge regarding his background, his failure to
challenge the court=s finding regarding the seriousness of the offense
would preclude relief on his sufficiency arguments.  Appellant=s
first issue is therefore overruled.

B. 
Admissibility of Evidence at Punishment Phase








In his second issue, McKaine claims that the trial
court erred by not allowing his trial counsel to question Amy and Charles on
their involvement in drug‑related activities prior to the burglary.
McKaine=s attorney sought to ask Amy and Charles whether
they were drug dealers and whether McKaine and his three companions had stolen
cocaine and marihuana from them along with the knife, cigarettes, and
money.  Before trial, the State filed a
motion in limine regarding this testimony, which the court granted.  At trial, the testimony was ultimately
excluded as irrelevant.  See Tex. R. Evid. 401.

A trial court=s decision to admit or exclude evidence is reviewed
for abuse of discretion. Green v. State, 934 S.W.2d 92, 101B02 (Tex. Crim. App. 1996); Ford v. State, 26
S.W.3d 669, 672 (Tex. App.CCorpus Christi 2000, no pet.).  Even if the trial court gave the wrong reason
for its decision, Salas v. State, 629 S.W.2d 796, 799 (Tex. Crim. App.
1981), the decision will be upheld as long as it is correct on some theory of
law applicable to the case.  Osbourn
v. State, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002).  Even if there is no legal basis to support
the ruling, the reviewing court must still disregard the error unless it
affected the defendant=s substantial rights.  See Tex.
R. App. P. 44.2(b).  








On appeal, McKaine focuses almost exclusively on
whether the trial court erred by ruling that the excluded evidence was
irrelevant.  Regardless of whether the
trial court=s determination of relevance was correct, its ruling
will not be disturbed if it can be upheld on some other legal basis.  See Osbourn, 92 S.W.3d at 538; Salas,
629 S.W.2d at 799.  Although we recognize
the significance of the relevance issue, especially because it was the stated
reason for the trial court=s ruling, we must also recognize that, on appeal,
the State has raised other bases on which the trial court=s ruling can be upheld.  In addition to defending the court=s ruling on relevance, the State argues that the
evidence was properly excluded under rule 513, as it amounted to no more than
denials of criminal activity and assertions of the victim=s Fifth Amendment rights.  See Tex.
R. Evid. 513.  Appellant has not
responded to this argument.  Nor has
appellant addressed the possibility that the evidence in question could have
been properly excluded under rule 403 because its probative value was substantially
outweighed by the danger of unfair prejudice it created.  See Tex.
R. Evid. 403.  

We agree with the State=s contention that the evidence, whether relevant or
not, could have been properly excluded because it was offered to allow the jury
to consider the witnesses= assertions of their Fifth Amendment rights.  See Tex.
R. Evid. 513.  The reporter=s record includes the following exchange that took
place as defense counsel examined one of the witnesses outside the jury=s presence:     


Defense Counsel: [D]id you or did you not know of
contraband, namely, marijuana, and cocaine that was taken from your house on
this particular night we=re talking about?

 

Witness:                               I plead the Fifth.

 

The Court:
                           Okay.  Is that all then?

 

Defense Counsel: That=s all I have for her outside the presence of the
jury, but I=d like to ask her that same question in front of the
jury, and I think it goes towards the offense that they=ve alleged against 
my client, and I - - 

 

The Court:                            Alright.  The objection of the State will be sustained.


 

Defense counsel was later allowed to examine the
second witness outside the jury=s presence and the following exchange occurred:








Defense Counsel:              During the
commission of this offense were any personal items of yours taken?

 

Witness:                               I had a knife,
some money, and I had a pistol, and that=s it.

 

Defense Counsel:              There were no
narcotics?

 

Witness:                               No.

 

Defense Counsel:              You realize you=re under oath?

 

Witness:                               I realize I=m under oath. 

 

Defense Counsel:              And you will be
charged with perjury, if you=re lying?

 

Witness:                               I will plead the
Fifth, if you keep asking me a question like that?

 

*    *    *

 

Defense Counsel:              Your Honor, again, I
just put it to the Court that I believe that that particular witness has
evidence that the jury would find relevant, as far as McKaine=s punishment goes, and I will make the same argument
about the facts of . . . [the first witness=s]
testimony also and reurge the Court to allow that to come in.

 

The Court:                            Well, this last
witness that testified, what part of the evidence - - what part of the
testimony do you want to have the jury hear?

 

Defense Counsel:              Well, your Honor, he
pled - - he said he would take the Fifth Amendment, which is not incriminating
himself.  He is not on trial, he is just
simply a witness, and he should be urged to testify to the truth of those
questions.

 

The Court:                            And that=s the part that you want to be submitted to the
jury?

 

Defense Counsel:              That=s correct.








The Court:                            All right.  I=ll - - I=ll deny your tender. 

 

Based on these excerpts from the reporter=s record, we cannot dismiss the possibility that the
trial court excluded the testimony because defense counsel sought to have the
witnesses assert their Fifth Amendment rights in the jury=s presence.  A
witness=s assertion of his or her Fifth Amendment rights and
refusal to testify is not evidence and the jury is not allowed to draw any
inferences from such actions.  See
Tex. R. Evid. 513(d); Torres
v. State, 137 S.W.3d 191, 198 n.3 (Tex. App.CHouston
[1st Dist.] 2004, no pet.).  Accordingly,
we conclude that the trial court=s ruling can be upheld on a basis other than
relevance.  We therefore overrule McKaine=s second issue.

The judgment of the trial court is affirmed.                         

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Publish.

Tex. R. App. P.  47.2(b)

Opinion delivered and filed 

this the 31st day of August, 2005.











[1] See Tex. Penal
Code Ann. ' 30.02(a), (d) (Vernon 2003).





[2] We withhold the couple=s last name because of the nature of
the crimes committed against them.





[3] See id. 





[4] Under Article 44.47 of the Texas
Code of Criminal Procedure, an appeal from a juvenile court=s decision to certify a defendant as
an adult and to transfer the case under section 54.02 of the family code is a
criminal matter.  Tex. Code Crim. Proc. Ann. art. 44.47(a), (c) (Vernon Supp.
2004).  A challenge to the certification
and transfer order can be made only in conjunction with the appeal of a
conviction of or an order of deferred adjudication for the offense for which
the defendant was transferred to criminal court.  Id. at art. 44.47(b).





[5] Other courts of appeals have also
reached this conclusion.  See In re
J.A.W., 976 S.W.2d 260, 264 (Tex. App.CSan Antonio 1998, no pet.) (ASection 54.02(e) of the Family Code,
which allows the court to consider written reports from probation officers,
professional court employees, and professional consultants, provides an
explicit exception to the hearsay rule in a transfer to criminal court proceeding.@); In re S.J.M., 922 S.W.2d
241, 242 (Tex. App.CHouston [14th Dist.] 1996, no writ)
(ABecause a juvenile transfer hearing
is dispositional, rather than adjudicational in nature, a juvenile court may
consider hearsay reports without violating the juvenile=s right of confrontation.@); In re G.B.B., 638 S.W.2d 162,164
(Tex. Civ. App.CHouston [1st Dist.] 1982, no writ) (A[A] juvenile court may consider
hearsay reports . . . .@); In re Q.D., 600 S.W.2d 392,
394 (Tex. Civ. App.CFort Worth 1980, no writ) (ASection 54.02 of the Family Code is
a statutory exception to the hearsay rule and authorizes the introduction of
specified reports that would otherwise be objectionable.@); In re R.G.S., 575 S.W.2d
113, 119 (Tex. Civ. App.CEastland 1978, writ ref=d n.r.e.) (AA juvenile court may consider
certain hearsay reports at a transfer . . . hearing that would not be
admissible at an adjudication hearing.@).