Robert Earl MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–765–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1986.

David A. Jameson, Galveston, for appellant.

Michael J. Guarino, Tim Weatherly, Galveston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Robert Earl Moore, appeals from an order of the County Court at Law No. 1 of Galveston County, sitting as a juvenile court, waiving its exclusive original jurisdiction and transferring appellant to the district court for criminal proceedings. We affirm.

The State alleged in its petition for waiver of jurisdiction, pursuant to the Texas Family Code Ann. § 54.02 (Vernon 1975), that appellant committed three felony offenses, and because of the seriousness of the offenses and the background of the child, the welfare of the community required that the juvenile court waive jurisdiction and have appellant transferred to

District Court for criminal proceedings concerning the felony offenses.

The State alleged that on July 6, 1985, Moore, age fifteen, committed the offense of attempted sexual assault on Lynda Schepf and on July 8, 1985, committed the offense of attempted sexual assault on Martha Theresa Cantu and also on July 8, 1985, committed the felony offense of aggravated assault on peace officer Brian Gately in Galveston County.

Appellant asserts two points of error. In his first point appellant asserts the court erred in entering judgment based on its findings of fact and conclusions of law because they were not supported by any evidence or alternatively, by insufficient evidence.

The statute permitting waiver of juvenile court jurisdiction over a child in favor of criminal prosecution in the District Court is § 54.02 of the Family Code (Vernon 1975). Waiver of the juvenile court's jurisdiction is premised upon these three requirements as follows:

§ 54.02(a)

The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

Section 54.02(d) requires a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense, be made, prior to the hearing. The record reveals that all of the requirements of § 54.02(d) have been met.

Section 54.02(f) requires the juvenile court when making the determination to transfer under § 54.02(a) to consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Appellant questions the sufficiency of the evidence with respect to the court's following findings of fact and conclusions of law:

1. That appellant is likely to be indicted by a grand jury on the charges of attempted sexual assault on Lynda Schepf and aggravated assault on Brian Gately.

2. That the alleged offenses were committed in an aggressive and premeditated manner.

3. That the appellant is of sufficient sophistication and maturity to understand the consequences of his actions.

4. That the record and previous history of the appellant required criminal proceedings.

5. That adequate protection of the public required criminal proceedings.

6. That there is no likelihood of rehabilitation of the appellant by use of facilities available to the juvenile court.

7. That because of the seriousness of the offenses and/or background of

the appellant, the welfare of the community required criminal proceedings.

■ The discretionary transfer hearing is not a trial on the merits to determine the guilt or innocence of the juvenile. Rather its purpose is to establish whether the child and society's best interests would be served by maintaining juvenile custody of the child or by transferring him to a district court for adult proceedings. *B.L.C. v. State*, 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1976 n.r.e.).

■ The evidence is factually sufficient to support the findings, if, from an examination of the entire record, there is some probative evidence to support the finding and if, in light of all the evidence, the finding is not manifestly wrong or unjust. In determining whether the evidence is legally sufficient to support the court's finding, we must review the record for any probative evidence to support the finding and ignore all contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *In re I.B.*, 619 S.W.2d 584 (Tex.Civ.App.—Amarillo 1981, no writ). Because the transfer hearing is discretionary in nature, the burden is upon the State to present some evidence of probative value on the factors to be considered by the court under Section 54.02(f) of the Texas Family Code, so that the court may then exercise its discretion on the ultimate issue of whether or not to certify the juvenile to stand trial as an adult. Additionally, given the fact that a transfer hearing is discretionary in nature, the juvenile court is required only to consider all six (6) factors of § 54.02(f), but need not find that each factor is established by the evidence. *In re Q.D.*, 600 S.W.2d 392 (Civ.App.—Fort Worth 1980, no writ).

■ An examination of the record before us reveals that the State met its burden of presenting evidence which allowed the juvenile court to exercise its discretion in making the transfer to district court for criminal proceedings.

Appellant first challenges the sufficiency of the evidence regarding the juvenile court's findings that he was likely to be indicted by a grand jury on the charge of attempted sexual assault on Lynda Schepf, as well as on the charge of aggravated assault on Brian Gately.

Briefly, the testimony of Lynda Schepf was that while she was washing her hands in the women's restroom at the Galvez Hotel, she looked up and saw the appellant in the mirror. She turned around and asked what he was doing in there, whereupon he pulled down his swim trunks and attempted to hand his penis to her. She attempted to exit the restroom which appellant prevented by overpowering her physically and commenced to masturbate while standing ten (10) to twelve (12) inches from her. He also pulled down the top of her swimsuit. She testified that, as this was taking place, she tried to convince him what he was doing was wrong. Ms. Schepf testified that the incident culminated when appellant ejaculated upon her thigh.

The testimony of Lynda Schepf is more than ample evidence to support the finding of the juvenile court that appellant would likely be indicted by a grand jury for the offense of attempted sexual assault.

Appellant next challenges the sufficiency of the evidence concerning whether appellant knew Brian Gately was a peace officer. There was testimony from Officer Gately that he was wearing a "police tee shirt" along with a leather gunbelt holding his gun, had a police baton in his possession, and was driving a police motor scooter which had three (3) standard police signs that Brian Gately described as "very visible." We find the evidence legally and factually sufficient to show that appellant knew Brian Gately to be a peace officer. There being some evidence of probative force to support the juvenile court's finding that appellant would likely be indicted by a grand jury for aggravated assault on a police officer and the finding not being against the great weight and preponderance of the evidence, its order will not be disturbed.

Appellant also urges there is insufficient evidence to support the juvenile court's

finding the alleged offenses were committed in an aggressive and premeditated manner. Regarding the alleged assault on Brian Gately, the officer testified that he asked appellant to stop twice, to no avail. After Gately caught him, the appellant took the officer's baton and struck him three (3) times on the head. The striking of a person with a police baton is certainly an aggressive act. Clearly appellant had time to contemplate his attack upon the officer as he was being chased and confronted by the officer.

Lynda Schepf's testimony detailing appellant's actions also supports the juvenile court's finding this offense was committed in an aggressive and premeditated manner. It appears that appellant followed Ms. Schepf into the women's restroom and then physically overpowered her when she attempted to exit.

There is similar evidence of aggression and premeditation in the alleged attempted sexual assault on Martha Cantu two days later. Ms. Cantu testified appellant stated he saw her supervisor leave which indicated he had been watching the area and planned his attack. Ms. Cantu also testified while appellant had his penis pulled out of his pants, he pushed her onto the bed, got on top of her, and "pinned" her down. The juvenile court would certainly be justified in classifying such actions as aggressive.

Upon examination of the record we find evidence of probative force that the alleged offenses were committed in an aggressive and premeditated manner and we find the evidence factually sufficient to support the court's finding.

Appellant also challenges the juvenile court's findings as follows: appellant possessed sufficient sophistication and maturity to understand the consequences of his actions; the record and previous history of the child required criminal proceedings; adequate protection of the public required criminal proceedings; and there was no likelihood of rehabilitation of the child by use of the facilities available to the juvenile court.

On the issues of sophistication and maturity of the child, record and previous history of the child, prospects of adequate protection of the public, and likelihood of rehabilitation, a reviewing court is not warranted in substituting its judgment for that of the juvenile court, as long as there is some evidence in the record to support the findings of the juvenile court. Under such circumstances the juvenile court's order should not be disturbed. *B.L.C. v. State,* 543 S.W.2d 151 (Tex.Civ.App.—Houston [14th Dist.] 1976 n.r.e.).

The evidence of the sophistication and maturity of the appellant is rather weak. Dr. Copeland, the examining psychologist, testified that appellant has a social and emotional level of a ten or eleven year old. Even if the evidence regarding sophistication and maturity of the child were insufficient, it would not affect the court's ultimate decision to transfer the appellant to district court because the sophistication and maturity of the child, § 54.02(f)(4), is but one factor among several required to be considered by the court in the transfer hearing. *Meza v. State,* 543 S.W.2d 189 (Tex.Civ.App.—Austin 1976, no writ). A juvenile court need not find that all six (6) factors listed in § 54.02(f) have been established before it is authorized to waive its jurisdiction. *Matter of R.M.,* 648 S.W.2d 406 (Tex.App.—San Antonio 1983, no writ).

Appellant's record and previous history reveals appellant was involved with the juvenile authorities in 1984, having been arrested for assault and criminal trespass. Appellant's school records indicate a history of class disruption and tardiness. The evidence indicates appellant's record and prior history was considered by the juvenile court. There is, therefore, sufficient evidence to support the court's finding that the record and previous history of the child require criminal proceedings.

As to the court's finding the adequate protection of the public requires criminal proceedings, the previously mentioned facts concerning the circumstances of the alleged offenses, together with Dr. Copeland's testimony appellant is "a high risk

for further acting out," sufficiently supports the court's finding.

 Appellant challenges the finding of the juvenile court that there was no likelihood of rehabilitation of the child by use of the facilities available to the juvenile court. The testimony of Dr. Copeland concerning appellant's psychological problems, as well as the testimony concerning the alleged offenses, taken together with the juvenile court's knowledge of which facilities and procedures are available to it, support the court's finding that there is no likelihood of rehabilitation of the child by use of the facilities available to the juvenile court. In a discretionary transfer proceeding, there is no requirement of proof concerning procedures, services, and facilities available to the court for the juvenile's rehabilitation because whatever resources are available would be within the court's knowledge without need of proof. *Matter of K.W.E.*, 556 S.W.2d 626 (Civ.App.—Waco 1977, no writ).

Lastly, appellant challenges the sufficiency of the evidence to support the court's finding that the welfare of the community requires criminal proceedings against him because of the seriousness of the offenses and/or the background of the appellant. This finding is one of the three requirements of § 54.02(a) which must be met before the juvenile court can waive its exclusive jurisdiction. Section 54.02(a)(3) provides that after full investigation and hearing, the juvenile court must determine that because of the seriousness of the offense or the background of the child, the welfare of the community requires criminal proceedings.

We have examined the record and determined the court has considered the matters in § 54.02(f) in making his determination required by § 54.02(a) to waive juvenile jurisdiction and transfer the child to the district court for criminal proceedings. We have also determined, after examining the record that there is sufficient evidence to support this challenged finding. Appellant's first point of error is overruled.

In his second point of error appellant asserts the court denied him due process when it denied his motion to sever this cause into three separate cases. A transfer hearing, however, is not a trial on its merits. The purpose of the transfer proceeding authorized in § 54.02 is not to determine the guilt or innocence of the juvenile but to establish whether the juvenile's and society's best interest would be served by maintaining juvenile custody of the child or by transferring him to a district court for adult criminal proceedings. *B.L.C. v. State, supra.* The appellant is not entitled to a separate hearing on each of the three offenses alleged by the state in its petition for waiver of the juvenile court's jurisdiction. We hold the court did not err in denying appellant's motion to sever this cause into three separate causes nor was appellant denied due process. Appellant's second point of error is overruled.

The order of the juvenile court waiving jurisdiction and transferring the juvenile to district court is affirmed.