938 S.W.2d 172 (1996)
In the Matter of D.D., a Juvenile.
No. 2-95-280-CV.
Court of Appeals of Texas, Fort Worth.
December 30, 1996.
*173 Wm. H. Harris, Gibson & Hotchkiss, Wichita Falls, for Appellant.
Douglas Baker, Assistant District Attorney, John Brasher, Asst. Criminal District Attorney, Wichita Falls, for Appellee.
Before LIVINGSTON, BRIGHAM, and HOLMAN, JJ.

OPINION ON REHEARING
LIVINGSTON, Justice.
Our opinion of October 17, 1996 dismissed Appellant's claims on jurisdictional grounds. The opinion raised concerns about our interpretation of recently enacted article 44.47 of the Code of Criminal Procedure.[1] Both the Appellant and the State have filed motions for rehearing in this case. We grant the motions for rehearing, withdraw our prior opinion and judgment, and substitute this opinion in its entirety.
This is a direct appeal from a waiver of juvenile jurisdiction and a transfer to district court for adult criminal proceedings. Appellant contends that there was insufficient evidence to support the juvenile court's finding that it is in the best interests of Appellant and society to transfer this case for adult criminal proceedings. Both the State and Appellant implicitly rely on section 56 of the Family Code[2] as authorizing appellate review of the transfer order pretrial. Recently enacted article 44.47 of the Code of Criminal Procedure states that the appeal of a transfer order may only take place with an appeal on the merits. TEX.CODE CRIM. PROC. ANN. art. 44.47 (Vernon Supp.1997). In our original opinion, we applied this new procedural rule to this case and dismissed the appeal for want of jurisdiction.

THE EFFECTIVE DATE OF NEW ARTICLE 44.47 C.C.P.
There are no reported Texas cases ruling on our jurisdiction to directly review transfers from a juvenile court in light of recently enacted article 44.47 of the Code of Criminal Procedure. Article 44.47 reads as follows:
Art. 44.47. Appeal of transfer from juvenile court
(a) A defendant may appeal an order of a juvenile court certifying the defendant to stand trial as an adult and transferring the *174 defendant to a criminal court under Section 54.02, Family Code.
(b) A defendant may appeal a transfer under Subsection (a) only in conjunction with the appeal of a conviction of the offense for which the defendant was transferred to criminal court.
(c) An appeal under this section is a criminal matter and is governed by this code and the Texas Rules of Appellate Procedure that apply to a criminal case.
(d) An appeal under this article may include any claims under the law that existed before January 1, 1996, that could have been raised on direct appeal of a transfer under Section 54.02, Family Code.
TEX.CODE CRIM. PROC. ANN. art. 44.47 (Vernon Supp.1997).
The 1995 Act enacting this change provides in section 106(a) that the revision applies "only to conduct that occurs on or after January 1, 1996."[3] While the intent of the statute is obviously to consolidate appeals, we agree with the parties that the revised statute applies to transfer order appeals relating to conduct violating a penal law of the state that occurred on or after January 1, 1996. However, subsection (d) of article 44.47 also allows appellants to include "claims under the law that existed before January 1, 1996, that could have been raised on direct appeal." TEX.CODE CRIM. PROC. ANN. art. 44.47(d) (Vernon Supp.1997). Thus, we hold a juvenile defendant may appeal the juvenile court's waiver of jurisdiction if the conduct occurred prior to January 1, 1996 by direct appeal at that time or at the time of appeal on the merits. Since the alleged conduct in this case took place on or about August 4, 1995, this court has jurisdiction to hear the direct appeal of the juvenile court's determination to waive its jurisdiction.

DISCUSSION ON THE MERITS
In one point of error, Appellant contends that the evidence is factually insufficient to support the juvenile court's waiver of jurisdiction and discretionary transfer to district court. Because we find the evidence factually sufficient, we affirm.
On August 4, 1995, Appellant, two other juveniles, and one adult stopped Reverend James C. Thompson, Jr., and asked him for a ride to another location in Wichita Falls, Texas. Rev. Thompson was directed to drive to a rural area of Wichita Falls where he was shot in the back of the head, robbed, placed in a drainage ditch, and his vehicle was stolen. All four suspects were arrested the next day in Lawton, Oklahoma. Appellant was returned to Wichita Falls where he gave a statement implicating himself in the crime.
On September 13, 1995, the Wichita County Criminal District Attorney's Office filed its First Amended Petition for Discretionary Transfer alleging five counts of delinquent conduct and requesting Appellant's transfer to the district court for adult criminal proceedings. After a hearing, the juvenile court waived its jurisdiction and transferred Appellant to district court on October 25, 1995. Appellant now appeals the sufficiency of the evidence supporting the transfer order to criminal district court.
When the factual sufficiency of the evidence supporting a transfer order is challenged, we must consider all the evidence to determine if the trial court's issuance of a transfer order is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. In re C.M. v. State, 884 S.W.2d 562, 563 (Tex.App.-San Antonio 1994, no writ); In re A.T.S. v. State, 694 S.W.2d 252, 253 (Tex.App.-Fort Worth 1985, writ dism'd). When the transfer hearing was held, the required findings for transferring a case from juvenile court to district court were:
(1) the child is alleged to have violated a penal law of the grade of felony;
(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and
(3) after full investigation and hearing the juvenile court determines that there is probable cause to believe that the child *175 before the court committed the offense alleged and that because of the seriousness of the offense or the background of the child the welfare of the community require criminal proceedings.[4]
Additionally, subsection 54.02(f) of the Family Code outlines the factors that the trial court should consider when making the above findings.[5] The trial judge is the sole fact finder in a transfer hearing and absent an abuse of discretion we will not disturb the trial court's findings. In re J.P.O., 904 S.W.2d 695, 698 (Tex.App.-Corpus Christi 1995, writ denied); In re D.W.L., 828 S.W.2d 520, 525 (Tex.App.-Houston [14th Dist.] 1992, no writ).
In the instant case, the trial judge appropriately considered the factors set forth in subsections (a) and (f) of section 54.02, and made the following findings of fact:
a. [D.D.] is a male child of the age of 15 years, born on December 18, 1979, and whose residence is 1520 Harding, Wichita Falls, Wichita County, Texas.
b. [D.D.] was 15 years of age at the time of the offenses upon which the Motion for a discretionary transfer to criminal court was made.
c. No adjudication hearing has been conducted concerning the offenses upon which the Motion for a discretionary transfer to criminal court was made.
d. The offenses upon which the Motion for a discretionary transfer to criminal court was made are felony offenses under the penal laws of the State of Texas, to wit: Capital Murder [in course of Committing Robbery], Capital Murder, [in the course of committing kidnapping] Murder, Aggravated Kidnaping, and Engaging in Organized Criminal Activity.
e. The offenses upon which the Motion for a Discretionary Transfer to criminal court was made are crimes against persons.
f. There is probable cause to believe that [D.D.] committed the offenses upon which the Motion for a Discretionary Transfer to criminal court was made.
g. There is evidence upon which the Grand Jury of Wichita County, Texas will probably return an indictment against [D.D.] if this case is referred to them.
h. [D.D.] possesses sufficient sophistication and maturity to be tried as an adult.
i. [D.D.] possesses sufficient sophistication and maturity to assist an attorney in his defense.
j. The likelihood of the reasonable rehabilitation of [D.D.] through the use of procedures, services, and facilities currently available to the Juvenile Court is doubtful.
k. Because of the extreme and severe nature of the offense alleged in the Motion for a Discretionary Transfer to criminal court, the welfare of the community requires criminal proceedings.
Appellant contends that the evidence is insufficient to support the trial judge's finding that (1) D.D. possesses sufficient sophistication and maturity to be tried as an adult, and (2) the likelihood of D.D.'s reasonable rehabilitation through the juvenile system is doubtful.
D.D. was referred to Dr. Pat Moran by the Wichita County Juvenile Probation Department for an intellectual achievement assessment and a recommendation on rehabilitation. Dr. Moran's report states that, despite tests indicating a Full Scale IQ of 74 + or - 4, any measure of intellectual functioning is of "unknown reliability and validity" because D.D. appeared detached and demonstrated a poor ability to maintain attention and concentration during the administration of the tests. Dr. Moran concluded that D.D.'s chance of successful rehabilitation is below average and that he has a tendency toward violent crime. Dr. Harvey Martin, Appellant's expert, testified that, based solely *176 on his review of Dr. Moran's report, D.D. is not particularly sophisticated or socially wise, is easily led, and that the likelihood of D.D.'s rehabilitation within the juvenile system is good. However, Dr. Martin also testified that D.D. knows the difference between right and wrong and has the capacity to conform to the rules. The trial judge was in the best position to weigh the credibility of the evidence presented at the hearing and, given the inconsistencies, we cannot conclude that she abused her discretion in finding that D.D. possesses sufficient sophistication and maturity to be tried as an adult and is not a good candidate for rehabilitation within the juvenile system.
Additionally, Appellant complains that the trial judge failed to make findings on whether the crime was committed in an aggressive and premeditated manner and on D.D.'s record and previous history as suggested in subsections 54.02(f)(2) and (f)(5).[6] While the trial court is required to consider each factor listed in subsection 54.02(f) before transferring the case to district court, In re C.C.G., 805 S.W.2d 10, 15 (Tex.App.-Tyler 1991, writ denied), it is not required to find that each factor is established by the evidence. See, e.g., In re M.D.B., Jr., 757 S.W.2d 415, 417 (Tex.App.-Houston [14th Dist.] 1988, no writ); C.W. v. State, 738 S.W.2d 72, 75 (Tex.App.-Dallas 1987, no writ); In re A.T.S., 694 S.W.2d at 254. Rather, subsection 54.02(a) provides that a juvenile court may waive its jurisdiction if it finds that: (1) the child is alleged to have committed a felony; (2) the child was 15 years old when offense is alleged to have been committed; and (3) there is probable cause to believe that the child before the court committed the offense and that because of the seriousness of the offense or the background of the child, the welfare of the community requires prosecution in a criminal district court.[7] Once the juvenile court makes these findings, it is not required to make any other findings. Moore v. State, 713 S.W.2d 766, 768 (Tex.App.-Houston [14th Dist.] 1986, no writ).
The first two elements of subsection 54.02(a) were not contested at the transfer hearing. Assistant District Attorney Gerald Taylor testified that capital murder is a felony grade offense in the State of Texas. Appellant signed a sworn stipulation as to his date of birth and the trial judge took judicial notice of the fact that, given the stipulation, Appellant would have been fifteen years old on August 4, 1995, the date of the commission of the offenses alleged in the petition requesting discretionary transfer. Assistant District Attorney Douglas Baker gave uncontradicted testimony that there had been no adjudication of the charges against D.D. prior to the transfer hearing.
Appellant contends, however, that there was insufficient evidence to support a finding of the second and third elements of the three findings required by subsection 54.02(a)(3) that because of the extreme and severe nature of the offenses or the background of the child, the welfare of the community requires criminal proceedings.[8] Subsection 54.02(a)(3) has three components. First, the court must determine that there is probable cause to believe the child committed the offense. Id. The second element consists of two alternatives: a finding concerning the seriousness of the offense or the background of the child. Id. Finally, the third element requires a finding that because of either the seriousness of the offense or the background of the child, the welfare of the community requires criminal prosecution. Id.
Appellant argues that the evidence presented at the hearing established that he is not violent, has a supportive family, and has *177 no significant juvenile record. The second element, however, is not written in the conjunctive. It requires only that the trial court find that the seriousness of the offense or the background of the child require criminal prosecution to protect the welfare of the community. The seriousness of the offenses D.D. is charged with is sufficient to support his transfer despite his background. See, e.g., In re C.C.G., 805 S.W.2d at 15-16; In re A.T.S., 694 S.W.2d at 254; In re E.D.N., 635 S.W.2d 798, 800 (Tex.App.-Corpus Christi 1982, no writ); In re Buchanan, 433 S.W.2d 787, 789 (Tex.Civ.App.-Fort Worth 1968, writ ref'd n.r.e.).
Accordingly, we overrule Appellant's sole point of error and affirm the trial court's transfer order.
NOTES
[1] TEX.CODE CRIM. PROC. ANN. art. 44.47 (Vernon Supp.1997) (permitting appeal of transfer order only in conjunction with appeal of criminal conviction in district court).
[2] See TEX. FAM.CODE ANN. § 56.01(b) (Vernon 1996) (stating that requirements governing appeal of juvenile court order are same as in civil cases generally); see also In re J.R., 907 S.W.2d 107, 110 (Tex.App.-Austin 1995, no writ) (reviewing sufficiency of evidence supporting transfer order before criminal trial in district court); In re T.D., 817 S.W.2d 771, 774 (Tex.App.-Houston [1st Dist.] 1991, writ denied) (stating that court of appeals may review transfer order before trial on merits in district court).
[3] Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 106(a), 1995 Tex. Gen. Laws 2517, 2591.
[4] Act of May 21, 1987, 70th Leg., R.S., ch. 140, § 1, 1987 Tex. Gen. Laws 309, 309, amended by Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2533-34 (current version at TEX. FAM.CODE ANN. § 54.02(a) (Vernon 1996)).
[5] Act of June 16, 1973, 63rd Leg., R.S., ch. 544, § 54.02(f), 1973 Tex. Gen. Laws 1460, 1477, amended by Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2534 (current version at TEX. FAM.CODE ANN. § 54.02(f) (Vernon 1996)).
[6] Act of June 16, 1973, 63rd Leg., R.S., ch. 544, § 54.02(f), 1973 Tex. Gen. Laws 1460, 1477, amended by Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2534 (current version at TEX. FAM.CODE ANN. § 54.02(f) (Vernon 1996)).
[7] Act of May 21, 1987, 70th Leg., R.S., ch. 140, § 1, 1987 Tex. Gen. Laws 309, 309, amended by Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2533-34 (current version at TEX. FAM.CODE ANN. § 54.02(a) (Vernon 1996)).
[8] Act of May 21, 1987, 70th Leg., R.S., ch. 140, § 1, 1987 Tex. Gen. Laws 309, 309, amended by Act of May 31, 1995, 74th Leg., R.S., ch. 262, § 34, 1995 Tex. Gen. Laws 2517, 2533-34 (current version at TEX. FAM.CODE ANN. § 54.02(a)(3) (Vernon 1996)).