NUMBER 13-03-430-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

DOMINIC MCKAINE,
                                                                                                     Appellant,

v.
 
THE STATE OF TEXAS, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 24th District Court of De Witt County, Texas.
                                                                                                                      

O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza
 
By two issues, Dominic McKaine challenges his conviction and sentence for burglary
of a habitation and committing aggravated assault therein.


 We reverse and remand for
a new trial on punishment.
1. Background 
The conviction from which McKaine appeals stems from the following events. On
November 12, 2002, McKaine and three other people used force to unlawfully enter the
residence of Charles and Amy in Cuero, Texas.


 McKaine entered the home carrying a
twenty-gauge shotgun. His cohorts were armed with handguns. With their weapons
drawn, the group forced Charles down onto the kitchen floor, threatening to kill him if he
resisted. McKaine then pointed his shotgun at Charles’s wife, Amy, and told her to take
off her shirt. With her husband and three small children watching, Amy removed her shirt
for McKaine, exposing her breasts. McKaine’s companions then took Charles into the
couple’s bedroom, and McKaine took Amy and two of her children into a second bedroom. 
Once inside, he began to touch Amy, fondling her breasts and repeatedly telling her that
he wanted to have sex and that he was going to have sex with her on her child’s bed in
front of her children. He threatened to kill her, her husband, and her children if she told
anyone. McKaine then took Amy into the living room and in front of all three of her
children, ordered her to pull down her pants. She refused. McKaine repeated his demand,
and again, she refused, saying that she was “on her period.” McKaine put his shotgun
against the head of Amy’s three year old son and said, “Pull down your pants and spread
your legs, or I’m going to kill your son.” She complied, but McKaine did not have sex with
her. He and his companions left, taking a knife, cigarettes, and money belonging to the
family. Before leaving, McKaine repeated his threat that he would kill all of them if they told
anyone what happened. 
At the time of the incident, McKaine was sixteen years old. He was originally
charged as a juvenile, but the State petitioned the juvenile court to transfer the case to
district court so that he could be prosecuted as an adult. After a hearing, the juvenile court
certified McKaine as an adult and transferred the case. Before the district court, McKaine
pled guilty to burglary of a habitation and committing aggravated assault therein, a first-degree felony.


 He requested that a jury determine his punishment. The jury sentenced
him to seventy-five years imprisonment. 
2. Analysis 
McKaine raises two issues on appeal. First, he challenges the juvenile court’s
decision to transfer his case to district court for trial as an adult. Second, he argues that
the trial court abused its discretion during the punishment phase of the trial by not allowing
his attorney to question Amy and Charles regarding their involvement in drug activities. For
the reasons that follow, we reverse. 
A. Transfer to District Court 
In his first issue, McKaine claims that the juvenile court erred in transferring his case
to district court.


 He complains that the court erred by considering a psychological report
because it amounted to hearsay. McKaine also contends that the author of the report
should have been present at the transfer hearing to explain her evaluation and the basis
for her findings. Finally, he maintains that the juvenile court had insufficient evidence to
transfer his case to district court for trial as an adult. 
The juvenile court has exclusive, original jurisdiction over children seventeen years
of age and younger. Ex parte Waggoner, 61 S.W.3d 429, 431 (Tex. Crim. App. 2001); see
Tex. Fam. Code Ann. §§ 51.04(a), 51.02(2) (Vernon 2002) (discussing the jurisdiction of
juvenile courts and defining “child”). Texas Family Code Section 54.02(a) provides that the
juvenile court may waive its exclusive, original jurisdiction and transfer a child to the
appropriate district court for criminal proceedings if the child is alleged to have committed
a first-degree felony and was aged fourteen or older at the time of the alleged offense. 
Tex. Fam. Code Ann. § 54.02(a) (Vernon 2002). A juvenile court’s discretionary power to
transfer a juvenile can be exercised only after the State files a petition or motion requesting
waiver and transfer. Hidalgo v. State, 983 S.W.2d 746, 749 n.3 (Tex. Crim. App. 1999);
see Tex. Fam. Code Ann. §§ 53.04, 54.02(b) (Vernon 2002). When the State requests a
transfer, the juvenile court is required to conduct a hearing without a jury to consider
transfer of the child for criminal proceedings. Tex. Fam. Code Ann. § 54.02(c). Before the
transfer hearing, the court must order and obtain a complete diagnostic study, social
evaluation, and full investigation of the child, his circumstances, and the circumstances of
the alleged offense. Id. § 54.02(d); In re J.S.C., 875 S.W.2d 325, 326 (Tex. App.–Corpus
Christi 1994, writ dism’d by agr.). Based on this information, the court must determine
whether there is probable cause to believe that the child committed the offense alleged and
whether the welfare of the community requires criminal proceedings because of the
seriousness of the offense or the background of the child. See Tex. Fam. Code Ann. §
54.02(a); In re J.S.C., 875 S.W.2d at 326. The juvenile court’s decision to transfer a case
to district court is reviewed for abuse of discretion. Faisst v. State, 105 S.W.3d 8, 12 (Tex.
App.–Tyler 2003, no pet.); see In re J.S.C., 875 S.W.2d at 326.
We first consider McKaine’s argument that the trial court erred by considering a
psychological report because it was inadmissible hearsay. Strict rules of evidence are not
applied in transfer proceedings. In re J.S.C., 875 S.W.2d at 330; see also In re J.P.O., 904
S.W.2d 695, 699 (Tex. App.–Corpus Christi 1995, writ denied). Section 54.02(e)
authorizes the juvenile court to “consider written reports from probation officers,
professional court employees, or professional consultants in addition to the testimony of
witnesses.” Tex. Fam. Code Ann. § 54.02(e). In at least one case involving the use of a
pyschiatric evaluation in a transfer hearing, this Court overruled an alleged hearsay error,
noting that juvenile courts are authorized to consider such evidence. See In re J.S.C., 875
S.W.2d at 330 (holding that there was “no error in . . . the use of records even though
[they] . . . may not be admissible as evidence at an adjudication hearing”).


 We reach the
same conclusion in this case. The juvenile court did not err in admitting the psychological
report into evidence.
McKaine also argues that Dr. Karan Redus, who conducted his psychological
evaluation and authored the report, should have testified at the transfer hearing. He
contends that the juvenile court’s duty to conduct a “full investigation and hearing” is not
complete without live testimony from the author of any reports relied upon under section
54.02(e). Tex. Fam. Code Ann. § 54.02(c), (e). The State has not responded to this
argument. Nevertheless, we cannot conclude that the juvenile court abused its discretion. 
The family code does not specifically require that the juvenile court hear live testimony from
a professional consultant whose written report is considered under section 54.02(e). Id.
§ 54.02(e). It allows the court to consider “written reports from . . . professional consultants
in addition to the testimony of witnesses.” Id. (emphasis added). Although McKaine
makes compelling arguments regarding the court’s duty to be fully informed of the
juvenile’s circumstances, he has cited no cases holding that the court must receive live
testimony in addition to the written reports. Our research has unearthed no such authority. 
Thus, we cannot conclude that the trial court abused its discretion. In so holding, we note
that although McKaine’s trial counsel complained of Dr. Redus’s absence at the hearing,
the record does not show that he ever attempted to subpoena her or otherwise solicit her
testimony. The record shows that McKaine’s trial counsel received proper notice of Dr.
Redus’s report under section 54.02(e). Id. 
Finally, McKaine argues that the juvenile court erred in transferring his case to
district court because the evidence was insufficient to support a transfer. McKaine has not
specified whether his challenge is to the legal or factual sufficiency of the evidence or to
both. See In re J.P.O., 904 S.W.2d at 699-700 (“The juvenile court’s findings of fact are
reviewed by the same standards that are applied in reviewing the legal or factual
sufficiency of the evidence supporting a jury’s answers to a charge.”). He has not cited
authorities for his contention that the evidence is insufficient. See Tex. R. App. P. 38.1(h)
(“The brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record.”). McKaine argues that the evidence
adduced at the transfer hearing was insufficient to support a transfer because it showed
that: (1) he had never been adjudicated of a felony as a juvenile; (2) he suffered from drug
addiction and had not received treatment; and (3) the Texas Youth Commission offered
services that could assist in rehabilitating him. The State has not responded to McKaine’s
sufficiency arguments. Assuming without deciding that McKaine has properly presented
this issue for review, we hold that it does not warrant reversal because his arguments do
not address all of the grounds for the juvenile court’s decision. Specifically, McKaine has
not addressed the court’s finding that the seriousness of the offense necessitated criminal
proceedings to protect the welfare of the community. 
As noted above, the juvenile court has discretion to waive its jurisdiction and transfer
a case to criminal court if it finds that there is probable cause to believe that the child
committed the offense alleged and that the welfare of the community requires criminal
proceedings because of the seriousness of the offense or the background of the child. 
See Tex. Fam. Code Ann. § 54.02(a); In re J.S.C., 875 S.W.2d at 326. In making this
determination, the court is required to consider: (1) whether the alleged offense was
against a person or property, with greater weight in favor of transfer given to offenses
against the person; (2) the sophistication and maturity of the child; (3) the record and
previous history of the child; and (4) the prospects of adequate protection of the public and
the likelihood of the rehabilitation of the child by use of procedures, services, and facilities
available to the juvenile court. Tex. Fam. Code Ann. § 54.02(f). While the juvenile court
must consider all of these factors before transferring the case to district court, it is not
required to find that each factor is established by the evidence. In re D.D., 938 S.W.2d
172, 176 (Tex. App.–Fort Worth 1996, no writ); In re J.S.C., 875 S.W.2d at 329; In re
M.D.B., 757 S.W.2d 415, 417 (Tex. App.–Houston [14th Dist.] 1988, no writ). The court
is also not required to give each factor equal weight as long as each is considered. In re
J.J., 916 S.W.2d 532, 535 (Tex. App.–Dallas 1995, no writ); In re C.C.G., 805 S.W.2d 10,
15 (Tex. App.–Tyler 1991, writ denied).
In its order, the juvenile court discussed each of the foregoing factors and how they
influenced its decision. The court also noted that “[a]fter conducting . . . [a] full
investigation, including evidence and argument of counsel, the Court finds that the welfare
of the community requires criminal proceedings, because of the seriousness of the
offenses and the background of the child and . . . [because] there is probable cause to
believe the child committed the offenses . . . .” On appeal, McKaine argues that his
background did not require criminal proceedings for the protection of the community’s
welfare, but he does not challenge the court’s finding that the seriousness of the offense
warranted criminal proceedings. A court does not abuse its discretion by finding the
community’s welfare requires transfer due to the seriousness of the crime alone, despite
the child’s background. See In re D.D., 938 S.W.2d at 177; In re C.C.G., 805 S.W.2d at
15. Thus, even if we were to sustain McKaine’s challenge regarding his background, his
failure to challenge the court’s finding regarding the seriousness of the offense would
preclude relief on his sufficiency arguments. Appellant’s first issue is overruled. 
B. Admissibility of Evidence at Punishment Phase
In his second issue, McKaine claims that the trial court erred by not allowing his trial
counsel to question Amy and Charles on their involvement in drug-related activities prior
to the burglary. McKaine’s attorney sought to ask Amy and Charles whether they were
drug dealers and whether McKaine and his three companions had stolen cocaine and
marihuana from them along with the knife, cigarettes, and money. Before trial, however,
the State filed a motion in limine, requesting that the court “order counsel for the defendant
not to inquire of any witnesses, mention or allude to . . . any alleged criminal record,
activity, or involvement on the part of the . . . victims.” The court granted the motion, and
at trial, the testimony was ultimately excluded as irrelevant. See Tex. R. Evid. 401. 
A trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); Ford v. State,
26 S.W.3d 669, 672 (Tex. App.–Corpus Christi 2000, no pet.). Under Section 3(a)(1) of
Article 37.07 of the Texas Code of Criminal Procedure, the State and defendant may offer
evidence during the punishment phase of a trial as to:any matter the court deems relevant to sentencing, including but not limited
to the prior criminal record of the defendant, his general reputation, his
character, an opinion regarding his character, the circumstances of the
offense for which he is being tried, and . . . any other evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by
evidence to have been committed by the defendant or for which he could be
held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.
 
Tex. Code Crim. Proc. art. 37.07 § 3(a)(1) (Vernon Supp. 2004) (emphasis added);
Mendiola v. State, 21 S.W.3d 282, 284 (Tex. Crim. App. 2000). In Rogers v. State, 991
S.W.2d 263, 265 (Tex. Crim. App. 1999), the court of criminal appeals explained that rule
401 was “helpful” in determining what evidence is “relevant” under article 37.07 section
3(a)(1) but noted that rule 401's definition of “relevant” was not a “perfect fit” in the
sentencing context. Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1); Tex. R. Evid. 401. 
As the court explained in Miller-El v. State, 782 S.W.2d 892, 895-96 (Tex. Crim. App.
1990):
admissibility of evidence at the punishment phase of a non-capital felony
offense is a function of policy rather than relevancy. This is so because by
and large there are no discreet factual issues at the punishment stage. 
There are simply no distinct “facts . . . of consequence” that proffered
evidence can be said to make more or less likely to exist. Rather, “deciding
what punishment to assess is a normative process, not intrinsically
factbound.” 
(footnotes and citations omitted). Based on this reasoning, the Rogers court concluded,
“[W]hat is relevant . . . [is] a question of what is helpful to the jury in determining the
appropriate sentence for a particular defendant in a particular case.” Rogers, 991 S.W.2d
at 265. 
          McKaine argues that the trial court abused its discretion by not allowing Amy and
Charles to be questioned about their involvement in drug-related activities because such
testimony would have developed the circumstances of the offense. See Tex. Code Crim.
Proc. Ann. art. 37.07 § 3(a)(1). According to McKaine, the jury may have been less
severe with him if it knew the full details of his relationship with the couple. In response,
the State argues that the evidence was irrelevant under rule 401 and that, in any event, it
was inadmissible under rule 404(a)(2) because it constituted impermissible evidence of the
victims’ characters. Tex. R. Evid. 401, 404(a)(2). 
          We disagree that the excluded evidence was offered as character evidence. The
record indicates that McKaine’s trial counsel sought to question Amy and Charles, not to
establish their bad characters, but to show that McKaine and his companions did not
choose their house at random. The questioning was intended to develop the backdrop
against which the offense was committed. According to McKaine’s trial counsel, Amy and
Charles were drug dealers and had been supplying drugs to McKaine prior to the offense. 
The defense’s theory was that McKaine burglarized their home in an attempt to get more
drugs. 
The court allowed Amy and Charles to be questioned outside the jury’s presence. 
For her part, Amy denied having any relationship with McKaine. When asked whether
illegal drugs were stolen during the burglary, she said she was not aware that any drugs
were in her home. Amy also stated that she had never sold marihuana to McKaine. When
questioned further, she asserted her Fifth Amendment rights. Similarly, when Charles was
questioned outside the jury’s presence, he testified that there were no drugs in his home
on the night of the burglary. He also testified that he had no explanation for why his home
was singled out by McKaine. When asked if he understood that he could be charged with
perjury for lying under oath, Charles asserted his Fifth Amendment rights.
Although the testimony was of only slight probative value, we conclude that it was
relevant for purposes of sentencing because it pertained to the circumstances of the
offense. See Tex. Code Crim. Proc. Ann. art. 37.07 § 3(a)(1). The trial court erred by
excluding it. Having concluded the trial court abused its discretion, we must conduct a
harm analysis. See Tex. R. App. P. 44.2. The error in excluding evidence in this case is
a non-constitutional error under rule 44.2(b). Tex. R. App. P. 44.2(b). Accordingly, we
must disregard the error and affirm the judgment if the error did not affect McKaine’s
substantial rights. Id.; see King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A
substantial right is affected when the error had a substantial and injurious effect or
influence in determining the jury’s verdict. King, 953 S.W.2d at 271. A criminal judgment
should not be overturned for non-constitutional error if the appellate court, after examining
the record as a whole, has fair assurance that the error did not influence the jury or had but
a slight effect. Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).
Our review of the record gives us no fair assurance that the error did not influence
the jury or that it had “but a slight effect.” See id. The jury could have sentenced McKaine
to as little as five years or as much as ninety-nine years imprisonment. See Tex. Penal
Code Ann. § 12.32(a) (Vernon 2003). It gave him seventy-five years. The record shows
that McKaine had no prior felony adjudications. There was also evidence that McKaine
might have suffered from drug addiction. Although both Amy and Charles denied any
involvement in drug-related activities, the jury should have been allowed to assess their
credibility and demeanor. We cannot tell whether the jury would have considered these
circumstances in assessing McKaine’s sentence or whether the testimony would have
resulted in a less severe sentence. The error was therefore harmful. See Siverand v.
State, 89 S.W.3d 216, 221 (Tex. App.–Corpus Christi 2002, no pet.) (“[I]f the reviewing
court is unsure whether the error affected the outcome, the court should treat the error as
harmful . . . .”). Appellant’s second issue is sustained.
3. Conclusion
We reverse the portion of the judgment imposing punishment and remand to the trial
court for another punishment hearing. See Tex. Code Crim. Proc. Ann. art. 44.29(b)
(Vernon Supp. 2004).  
 
 
 
 
 
 
 
                                                                                      _______________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice
 
Publish.
         Tex.R.App.P. 47.2(b)
         Opinion delivered and filed 
         this the29th day of April, 2004.