TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00245-CV






In the Matter of V. L. G.






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 05-292-J368, HONORABLE BURT CARNES, JUDGE PRESIDING




 M E M O R A N D U M O P I N I O N



 This is an appeal from a juvenile court order certifying appellant V.L.G. to stand trial
as an adult for conduct allegedly committed when he was a juvenile. See Tex. Fam. Code Ann.
§ 54.02 (West 2002). Attorney for appellant has filed an Anders brief. See Anders v. California,
386 U.S. 738, 744 (1967); In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (holding Anders procedure
applicable to juvenile proceedings in Texas). For the reasons discussed below, we affirm the
trial court's order.


BACKGROUND


 On November 14, 2005, appellant was arrested for the offense of capital murder. See
Tex. Penal Code Ann. § 19.03 (West Supp. 2006). Since appellant was 16 years old at the time of
the alleged offense, the State initiated proceedings against appellant in juvenile court. Given the
serious nature of the alleged crime, the State filed a petition requesting the juvenile court to waive
jurisdiction and transfer the cause to criminal court. See Tex. Fam. Code Ann. § 54.02(j). The trial
court held a hearing on the State's petition on February 2, 2006. (1)

 During the hearing the State introduced evidence of the following facts: On
November 24, 1990, the Georgetown Police Department began an investigation into the strangulation
death of Thelma Lackey, an 85-year-old resident of Georgetown. Several police officers testified
that Lackey had been assaulted both physically and sexually and that someone broke into Lackey's
home and stole money from her purse.

 Early in the investigation, the Georgetown Police enlisted the assistance of the Texas
Department of Public Safety and the Texas Rangers. With the assistance of these agencies,
investigators collected physical evidence from the crime scene, including a semen stain, a partial
fingerprint, and a partial palm print. Despite this evidence and an aggressive investigation, law
enforcement could produce no viable suspects. However, in October 2005, the Georgetown Police
Department received correspondence from DPS indicating that a DNA match had been found for the
semen stain collected during the investigation. The known DNA profile that resulted in a match
came from appellant. Once appellant was identified as a suspect, investigators were able to compare
appellant's fingerprints and palm prints to those collected at the crime scene. Based on the results
of this comparison, appellant's prints matched those found at the crime scene.

 In addition to offering evidence to establish probable cause, the State also
offered evidence of appellant's extensive juvenile and adult criminal record. Although the juvenile
court ordered the "diagnostic study, social evaluation and full investigation" required under
section 54.02 of the family code, Dr. George Parker testified that appellant refused to participate in
a psychological evaluation. The State also introduced the testimony of the juvenile probation officer. 
Based on his written report, the juvenile probation officer testified that the offense was aggressive
and premeditated. The officer also testified that appellant was criminally sophisticated for his age
at the time of the offense and now that appellant was 32 years old, the juvenile system had nothing
to offer appellant.


ANALYSIS


 As a preliminary matter, we note that section 56.01 of the family code previously
authorized an immediate appeal of a juvenile court order under section 54.02 transferring or
certifying a child to criminal court. See Act of May 24, 1973, 63d Leg., R.S., ch. 544, § 1, 1973
Tex. Gen. Laws 1460, 1483, repealed by Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995
Tex. Gen. Laws 2517, 2546. Because the alleged offense was committed prior to January 1, 1996,
and the prior version of section 56.01 was still in effect, we conclude that appellant remains entitled
to an immediate appeal of the juvenile court's certification order. See In re D.D., 938 S.W.2d 172,
174 (Tex. App.--Fort Worth 1996, no writ) (op. on reh'g). 

 As noted above, attorney for appellant has filed an Anders brief. See Anders, 386
U.S. at 744. Counsel has informed this Court that she has "diligently searched the record" and 
researched the law applicable to the facts and issues in the case. Counsel's brief contains a
professional evaluation of the record demonstrating why there are no meritorious errors to be
advanced. The brief complies with the requirements for such briefs discussed in In re D.A.S., 973
S.W.2d at 299, and, more generally, in Anders, 386 U.S. at 744. A copy of counsel's brief was
delivered to appellant, and he was advised of his right to examine the appellate record and to file a
pro se brief. More than thirty days have passed, and appellant has not filed a pro se brief.

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S. 75, 80
(1988). We have reviewed the entire record of appellant's certification proceedings and the Anders
brief submitted on appellant's behalf, and we have found nothing that would arguably support an
appeal. We agree the appeal is frivolous and without merit. Accordingly, we affirm the juvenile
court's order certifying appellant to stand trial as an adult.

 In accordance with Anders, appellant's attorney has asked permission to withdraw as
counsel for appellant. See Anders, 386 U.S. at 744. We grant the motion to withdraw. We further
order appellant's attorney to notify appellant of the disposition of this appeal and the availability of
discretionary review. See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).




 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: January 19, 2007
1. At the time of the hearing, appellant was 32 years old.