# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00245-CV

**In the Matter of V. L. G.**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 05-292-J368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a juvenile court order certifying appellant V.L.G. to stand trial as an adult for conduct allegedly committed when he was a juvenile. *See* Tex. Fam. Code Ann. § 54.02 (West 2002). Attorney for appellant has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (holding *Anders* procedure applicable to juvenile proceedings in Texas). For the reasons discussed below, we affirm the trial court's order.

## BACKGROUND

On November 14, 2005, appellant was arrested for the offense of capital murder. *See* Tex. Penal Code Ann. § 19.03 (West Supp. 2006). Since appellant was 16 years old at the time of the alleged offense, the State initiated proceedings against appellant in juvenile court. Given the serious nature of the alleged crime, the State filed a petition requesting the juvenile court to waive

jurisdiction and transfer the cause to criminal court. *See* Tex. Fam. Code Ann. § 54.02(j). The trial court held a hearing on the State's petition on February 2, 2006.[1]

During the hearing the State introduced evidence of the following facts: On November 24, 1990, the Georgetown Police Department began an investigation into the strangulation death of Thelma Lackey, an 85-year-old resident of Georgetown. Several police officers testified that Lackey had been assaulted both physically and sexually and that someone broke into Lackey's home and stole money from her purse.

Early in the investigation, the Georgetown Police enlisted the assistance of the Texas Department of Public Safety and the Texas Rangers. With the assistance of these agencies, investigators collected physical evidence from the crime scene, including a semen stain, a partial fingerprint, and a partial palm print. Despite this evidence and an aggressive investigation, law enforcement could produce no viable suspects. However, in October 2005, the Georgetown Police Department received correspondence from DPS indicating that a DNA match had been found for the semen stain collected during the investigation. The known DNA profile that resulted in a match came from appellant. Once appellant was identified as a suspect, investigators were able to compare appellant's fingerprints and palm prints to those collected at the crime scene. Based on the results of this comparison, appellant's prints matched those found at the crime scene.

In addition to offering evidence to establish probable cause, the State also offered evidence of appellant's extensive juvenile and adult criminal record. Although the juvenile court ordered the "diagnostic study, social evaluation and full investigation" required under

---

[1] At the time of the hearing, appellant was 32 years old.

2

section 54.02 of the family code, Dr. George Parker testified that appellant refused to participate in a psychological evaluation. The State also introduced the testimony of the juvenile probation officer. Based on his written report, the juvenile probation officer testified that the offense was aggressive and premeditated. The officer also testified that appellant was criminally sophisticated for his age at the time of the offense and now that appellant was 32 years old, the juvenile system had nothing to offer appellant.

## ANALYSIS

As a preliminary matter, we note that section 56.01 of the family code previously authorized an immediate appeal of a juvenile court order under section 54.02 transferring or certifying a child to criminal court. *See* Act of May 24, 1973, 63d Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1483, *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 48, 1995 Tex. Gen. Laws 2517, 2546. Because the alleged offense was committed prior to January 1, 1996, and the prior version of section 56.01 was still in effect, we conclude that appellant remains entitled to an immediate appeal of the juvenile court's certification order. *See In re D.D.*, 938 S.W.2d 172, 174 (Tex. App.—Fort Worth 1996, no writ) (op. on reh'g).

As noted above, attorney for appellant has filed an *Anders* brief. *See Anders*, 386 U.S. at 744. Counsel has informed this Court that she has "diligently searched the record" and researched the law applicable to the facts and issues in the case. Counsel's brief contains a professional evaluation of the record demonstrating why there are no meritorious errors to be advanced. The brief complies with the requirements for such briefs discussed in *In re D.A.S.*, 973 S.W.2d at 299, and, more generally, in *Anders*, 386 U.S. at 744. A copy of counsel's brief was

delivered to appellant, and he was advised of his right to examine the appellate record and to file a *pro se* brief. More than thirty days have passed, and appellant has not filed a *pro se* brief.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record of appellant's certification proceedings and the *Anders* brief submitted on appellant's behalf, and we have found nothing that would arguably support an appeal. We agree the appeal is frivolous and without merit. Accordingly, we affirm the juvenile court's order certifying appellant to stand trial as an adult.

In accordance with *Anders*, appellant's attorney has asked permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744. We grant the motion to withdraw. We further order appellant's attorney to notify appellant of the disposition of this appeal and the availability of discretionary review. *See Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: January 19, 2007

4